I iPLOTKIN, Judge.

STATEMENT OF THE CASE

Relators, Betty Bush and Allstate Insurance Company, seek review of the trial court’s judgment granting plaintiffs motion to compel discovery.
This litigation arises from an automobile accident. Plaintiff, Almeda Brown, has sued Betty Bush and her insurer, Allstate Insurance Company, seeking damages for injuries sustained in the accident. On August 1, 1997, plaintiff sent defendants interrogatories and requests for production of documents. When no responses were received, plaintiff filed a motion to compel on December 1, 1997. Thereafter, on January 13, 1998, defendants sent plaintiff responses to the interrogatories and requests for production of documents. However, defendants objected to several interrogatories and requests for production of documents, including interrogatory number twelve. Plaintiff then filed a supplemental memorandum in support of motion to compel ^contesting defendants’ objec *465 tions and seeking more complete responses. Defendants filed an opposition to plaintiffs memorandum. After a hearing on January BO, 1998, the trial court rendered judgment on February 10,1998, granting plaintiffs motion to compel and ordered defendants to answer plaintiffs interrogatories numbers one, two and twelve, and provide plaintiff with a copy of Betty Bush’s original application for automobile insurance. Defendants now seek supervisory writs of review, averring that the trial court erred when it ordered them to answer interrogatory number twelve only.

DISCUSSION:

Defendants contend that plaintiffs interrogatory number twelve is unduly burdensome and overly broad. They suggest plaintiffs interrogatory seeks a broad range of information which would take much time and money to answer. That interrogatory requests the following information:
Provide the following information concerning your dealing with the Rimkus Consulting Group in the past five years.
(a) How many times have you requested a report from them regarding an automobile liability claim?
(b) How many times have they testified for you in court regarding an automobile liability claim?
(c) How much do you pay for reports from them?
(d) Have you ' ever qualified personnel from Rimkus Consulting Group as an expert in any litigation, and if so, give the name of that person, the date, the area of expertise that he was qualified in, the caption and number of the litigation.
Plaintiff argues that the above interrogatory is relevant because the defendants intend to use the Rimkus Consulting Group as experts at trial. Members of the Rimkus Consulting Group are named as possible witnesses in defendants’ answers to interrogatories. Plaintiff suggests that she is entitled to discover the extent of the relationship between Allstate and Rimkus in order to sshow bias for impeachment purposes. It is well known that if someone from the Rimkus Consulting Group testifies, plaintiff is permitted to attack his or her credibility. La. C.E. art. 607. Plaintiff is permitted “to discover an expert’s bias by discovery or subpoena, [and] to present evidence of such bias to the trier of fact ...” Rowe v. State Farm, Mutual Automobile Insurance Company, 95-669 (La.App. 3 Cir. 3/6/96), 670 So.2d 718, 725, writ denied, 96-0824 (La.5/17/96), 673 So.2d 611.
Furthermore, La. C.C.P. art. 1442 states, in pertinent part:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter ...
In Louisiana, the basic objectives of discovery are (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than, meritorious claims. Hodges v. Southern Farm Bureau Casualty Insurance Company, 433 So.2d 125, 129 (La.1983). Therefore, our courts have broadly interpreted the discovery articles to facilitate the achievement of the above goals.
When the. requested party fails to answer properly propounded interrogatories or requests for production the requesting party may apply to a court for an order compelling discovery. La. C.C.P. article 1469(2). The Rdiscovery articles grant the trial court the power and discretion to compel discovery. Absent an abuse of this discretion, a trial court’s ruling compelling discovery will be upheld on appeal. Testa Distributing Co., Inc. v. Tarver, 584 So.2d 300 (La.App. 1 Cir.1991). :
*466 In the present case, defendants have not shown .that the trial court abused its great discretion in ordering defendants to answer the interrogatory. While defendants contend that answering the interrogatory will be an onerous burden, plaintiff is entitled to such information under La. C.C.P. article 1422. The trial court apparently weighed défen-dants’ burden with plaintiff’s entitlement to such information and determined that plaintiffs right to such information outweighed defendants’ burden. Defendants contend that the plaintiff has not placed any geographical and/or time limitations on her request. Defendants’ argument is incorrect. Plaintiff limited the interrogatory for information concerning the use of experts within the past five years. In addition, the Rimkus Consulting Group is a local engineering firm. It is not a national or international corporation. Thus, defendants search for information to answer the interrogatory will have geographical limitations as well. Defendants should be able to obtain the basic information from its own financial records. Such records should show any and all payments made to the Rimkus Consulting Group as well as descriptions of the services rendered by the Rimkus Consulting Group.
The .trial court did not abuse its great discretion when it ordered defendants to answer interrogatory number twelve. Accordingly, we grant defendant’s writ application but deny relief.

WRIT GRANTED; RELIEF DENIED.